UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| COLOR STREET LLC,<br><br>     **Plaintiff,**<br><br>v.<br><br>AUDERE, INC., *et al.*,<br><br>     **Defendants.** | Civil Action No. 22-2267 (JXN)(JSA) |
| TRACY RODGERS, an individual, *et al.*,<br><br>     **Plaintiffs,**<br><br>v.<br><br>COLOR STREET LLC, a New Jersey limited liability company, *et al.*,<br><br>     **Defendants.** | Civil Action No. 23-3943 (KM)(MAH)<br><br>**ORDER** |

This Court having conducted a Telephone Status Conference on July 25, 2023 ("July 25th Conference") on the record in *Color Street LLC v. Audere, Inc., et al.*, Civ. No. 22-2267 (JXN) ("*Color Street I*"), wherein the parties advised that their outstanding jurisdictional discovery disputes and Plaintiffs' need for jurisdictional discovery would become moot if the parties could reach agreement on consolidating *Color Street I* with *Rodgers, et al. v. Color Street LLC, et al.*, Civ. No. 23-3943 (KM) ("*Color Street II*") which had been transferred recently to this District;

and whereas for the reasons set forth on the record during the July 25th Conference, the Court issued an Order on the same date, directing the parties to submit a joint status letter on or before

1

August 8, 2023, addressing whether court intervention was still needed to resolve outstanding jurisdictional discovery disputes in light of the parties' discussions regarding consolidation of the two actions, (ECF No. 39);

and whereas in their joint submission of August 8, 2023, the parties reported that they could not reach agreement on consolidation, (ECF No. 40);

and whereas, during a second Telephone Status Conference on August 17, 2023 ("August 17th Conference"), the Undersigned addressed, with the parties, the claims and defenses in *Color Street I* and *Color Street II*, and why the parties could not reach agreement on consolidating *Color Street I and Color Street II*;

and it appearing that, on July 19, 2023, Chief District Judge David C. Nye of the United States District Court for the District of Idaho granted the *Color Street II* Defendants Color Street LLC, Fa Young Park, Lisa Schmitt, and Angela Posgrove's ("Color Street II Defendants") motion to dismiss or transfer *Color Street II* to this District, concluding, among other things, that "within the interests of justice . . . as well as the first-to-file rule, and the significance of the declaratory judgment claim [*Color Street II*] and its close relation to the New Jersey case [*Color Street I*]." (*Color Street II*, ECF No. 29 at 19);

and it appearing that *Color Street I* and *Color Street II* are substantially similar cases raising overlapping issues of fact and law.  In particular, both cases arise from the "same fact pattern and between the same individuals," (*Color Street II*, ECF No. 29 at 15); in *Color Street I*,  the Plaintiff is Color Street who asserts claims including tortious interference, misappropriation of confidential information, and unfair competition against the Defendants the Audere corporation ("Audere") and Tony Ferraro ("Ferraro") arising from alleged violations of Color Street's Independent Stylist Agreement ("ISA"); in *Color Street II*, the Plaintiffs are Tracy Rodgers ("Rodgers") and Robert McCauley ("McCauley") who are former Independent Stylists of Color Street and current officers and owners of Audere.  Rodgers and McCauley formed Audere with Ferraro.  Rodgers and

McCauley filed *Color Street II* asserting a declaratory judgment claim against the *Color Street II* Defendants and seeking a declaration that they are not bound by Color Street's ISA.  Further, in *Color Street II*, Rodgers and McCauley raise defamation and tortious interference claims against the *Color Street II* Defendants stemming from alleged defamatory comments made about Rodgers and McCauley following their departure from Color Street;

and it appearing that counsel is the same for all parties in both cases and, as represented during the August 17th Conference, counsel for the Color Street parties has no objection to the two cases being consolidated for all purposes but does object to consolidating these two cases with the arbitration action that Color Street commenced against Rodgers and McCauley on February 28, 2022 and which is pending before the American Arbitration Association ("AAA") and is scheduled for a hearing on September 7, 2023; (*see Color Street I*, ECF No. 40);

and it appearing that, as represented during the August 17th Conference, counsel for Defendants in *Color Street I* and Plaintiffs in *Color Street II* consents to consolidating the two cases but only if they are consolidated with the pending arbitration action;

and it appearing that Federal Rule of Civil Procedure 42(a) "confers upon a district court broad power, whether at the request of a party or upon its own initiative, to consolidate cases for trial as may facilitate the administration of justice," *Ellerman Lines, Ltd. v. A. & Gulf Stevedors, Inc.*, 339 F.2d 673, 675 (3d Cir. 1964);

and the purpose of consolidation is to "streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues," *see, e.g.*, *In re TMI Litig.*, 193 F.3d 613, 724 (3d Cir. 1999);

and consolidation being appropriate when "actions before the court involve a common question of law or fact . . . ," Fed. R. Civ. P. 42(a);

and when common questions of law and/or fact and judicial efficiency appear to support

consolidation, "[i]n the absence of an articulated basis to assert confusion or prejudice, consolidation is generally appropriate," *A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 570 (D.N.J. 2003);

and, here, it appearing that consolidation of *Color Street I* and *Color Street II*[1] for all purposes is appropriate for a multitude of reasons, including both cases are substantially similar in that they raise overlapping and related issues and legal claims stemming from a business relationship between Color Street and two of Audere's officers and owners; that there is a substantial similarity of parties; and that the key legal questions in both cases turn on the viability and enforcement of the ISA;

and it appearing that inconsistent or duplicative efforts would be needed to manage and try the cases separately;

and it appearing that consolidation for all purposes will serve judicial efficiency and reduce unnecessary costs;

and it appearing that given the common questions of fact and law as determined, discovery, dispositive motion practice, and a trial in both cases will likely involve many of the same witnesses and documents;

and to compel duplication of effort and time by the parties would result in a waste of judicial resources and unnecessarily burden the parties in terms of expenses;

and as Defendants in *Color Street I* and Plaintiffs in *Color Street II* have not articulated any prejudice or likely confusion that would result from consolidation of these two cases;

and the Court finding that consolidation of these two cases presents no risk of harm to any party; *see A.F.I.K. Holding,* 216 F.R.D. at 570.

**IT IS** on this **21st day of August, 2023,**

---

[1] Rule 42(a) governs "actions before the court." Fed. R. Civ. P. 42(a). The arbitration matter is pending before the AAA not this Court. As such, any request to consolidate the arbitration with *Color Street I* and *Color Street II* under Rule 42(a) is not proper, and thus the Court declines to grant any such request.

**ORDERED** that *Color Street I* and *Color Street II* are hereby consolidated for all purposes under the lead docket of 22-2267 (JXN); and

**IT IS FURTHER ORDERED** that following the close of fact discovery and/or dispositive motion practice, any party may seek leave to modify and/or deconsolidate these cases.

*/s/ Jessica S. Allen*
**Hon. Jessica S. Allen, U.S.M.J.**